FILED'06 SEP 18 09:23USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KRISTY CRONIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-1245-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Tim D. Wilborn
2020-C S.W. Eighth Avenue
PMB #294
West Linn, OR 97068

  Attorney for Plaintiff

Joanne E. Dantonio
Michael McGaughran
Terrye E. Shea
SOCIAL SECURITY ADMINISTRATION
Office of the General counsel
701 Fifth Avenue, Suite 2900
M/S 901
Seattle, WA 98104

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Defendant

JONES, Judge:

Claimant Kristy Cronin seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits ("SSI"). Defendant, in turn, has moved to remand this case for further administrative proceedings (# 26).

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a careful review of the record, the court concludes that the case must be remanded for further proceedings and therefore grants defendant's motion.

## ADMINISTRATIVE HISTORY

Claimant protectively filed an application for SSI on October 22, 2001, alleging disability since February 1, 1995. The application was denied initially and on reconsideration. Claimant requested a hearing. The Administrative Law Judge ("ALJ") continued the hearing, set for April 1, 2004, to allow claimant an opportunity to obtain representation. At the hearing held on September 1, 2004, and fully apprised of her rights, claimant chose to proceed without representation. Claimant and a vocational expert appeared and testified. On March 21, 2005, the ALJ issued a decision denying claimant's application. The ALJ's decision became the final decision of the Commissioner on July 8, 2005, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The parties mostly agree as to the ALJ's summary of the medical and other evidence as well as the ALJ's findings. The parties also agree that the case must be remanded and dispute only the purpose of the remand; consequently, except as necessary to explain my decision, I will not repeat the evidence and findings here.

The Commissioner "concedes judgment to [claimant]." Defendant's Brief - Memorandum in Support of Remand, p. 3. Specifically, the Commissioner acknowledges that the ALJ erred in the vocational assessment by failing to directly address transferability of work skills, which is in fact an issue in the case.[1] Claimant additionally asserts that the ALJ erred by failing to account, in his vocational hypothetical questions, for limitations arising from claimant's headaches, and

---

[1] Indeed, the ALJ erroneously states, twice, that "[t]ransferability of skills is not an issue in this case." Tr. 27, 29. To the contrary, the vocational expert mentioned transferability of claimant's skills, see Tr. 310, with reference to two of the three jobs she identified as appropriate to claimant's RFC, thus requiring a finding of transferability.

3 - OPINION AND ORDER

for residual functional capacity ("RFC") findings of moderate limitations in carrying out detailed instructions, interacting appropriately with the public for more than superficial interactions, and in independently formulating plans and goals.

As stated, the parties agree that the case requires remand, but disagree as to the appropriate remedy. The Commissioner urges the court to remand for further proceedings; specifically, to permit the ALJ to revisit the issue of transferable work skills and, as necessary, to obtain supplemental vocational expert testimony as to whether claimant can perform the jobs already identified and/or whether there are other jobs that someone with claimant's limitations can perform. Claimant, in turn, argues that the case must be remanded for an immediate award of benefits.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. Ultimately, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

I agree with the Commissioner that the ALJ must further evaluate claimant's vocational potential. The record as developed is incomplete and does not compel a conclusion of "disabled." With respect to claimant's arguments, I find that although the ALJ did not find claimant's headaches to be as debilitating as she alleged, he properly evaluated the evidence concerning her headaches and accommodated the headaches in formulating claimant's RFC. See

Tr. 22, 24, 25. I also find that the ALJ did not fail to include claimant's moderate limitations in carrying out detailed instructions, interacting appropriately with the public, and independently formulating plans and goals in the vocational hypothetical questions, as claimant contends. To the contrary, the ALJ specifically included those limitations in the first question, then in the next question advised the vocational expert that "[t]his is going to all be cumulative now." Tr. 309. Nothing in the record suggests or supports an argument that the vocational expert did not understand the ALJ.

In summary, I conclude that remand for an immediate award of benefits is not appropriate because outstanding issues remain to be resolved and the record, as it stands, does not compel a finding that claimant is disabled. Consequently, in the exercise of my discretion, I grant defendant's motion (# 26) and remand this action to the Commissioner for further proceedings consistent with this decision.

## CONCLUSION

Defendant's motion to remand (# 26) is GRANTED. The decision of the Commissioner denying benefits is REVERSED and REMANDED for further proceedings as described in Defendant's Brief - Memorandum in Support of Remand and consistent with this opinion. As a condition of remand, defendant shall pay claimant's reasonable attorney fees and costs incurred on or before the date of defendant's motion to remand (July 26, 2006).

DATED this 15 day of September, 2006.

_____
ROBERT E. JONES
U.S. District Judge